**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Nurbek Murzaev,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-04212-PHX-RM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241, challenging his immigration detention. (Doc. 1.) Pursuant to General Order 26-09, the Court directed Respondent to show cause why the Petition should not be granted. (Doc. 3.) The Petition is fully briefed. (Docs. 7, 11.) The Court will grant the Petition and require Petitioner's immediate release from custody.

This is Petitioner's third habeas corpus petition filed with this Court. His first was filed through counsel on January 20, 2026. *Murzaev v. Bondi*, CV-26-00326-PHX-RM (CDB), Doc. 1. On January 28, 2026, the Court granted that Petition and ordered Respondent to provide Petitioner a bond redetermination hearing or release him from custody. *Id.*, Doc. 6. On February 18, 2026, Petitioner filed a Motion to Enforce Judgment, stating that at a bond redetermination hearing on February 13, 2026, an immigration judge found that Petitioner did not pose a danger to the community but is a "significant flight risk," and no amount of bond or less restrictive alternatives could ameliorate that risk. *Id.*, Doc. 9. Petitioner asserted that the February 13, 2026 proceeding did not comply with this

Court's Order or with controlling Ninth Circuit precedent because the immigration judge "improperly shifted the burden to Petitioner." *Id.* In a February 24, 2026 Order, the Court denied Petitioner's Motion on the basis that a discretionary bond determination is not reviewable and Petitioner failed to establish that placing the burden of proof on him violated due process. *Id.*, Doc. 10.

In his second Petition, Petitioner claimed that his continued detention violated the Due Process Clause of the Fifth Amendment because, by refusing to consider his "new material evidence" during a March 6, 2026 bond hearing, the immigration judge "failed to conduct a meaningful review." *Murzaev v. Unknown Party*, CV-26-01797-PHX-RM (CDB), Doc. 1. The Court dismissed that Petition, finding that "[t]he transcript of Petitioner's February 18, 2026 bond redetermination hearing reflects that the immigration judge considered the evidence presented and the factors for determining dangerousness and flight risk set forth in *In re Guerra*, 24 I. & N. 37, 40 (BNA 2006). *Id.*, Doc. 4.

In the current Petition, Petitioner argues that: (1) his immigration detention has become prolonged in violation of the Fifth Amendment; (2) he is not a danger or a flight risk; (3) his detention is arbitrary because he was previously released from custody, he complied with his release conditions, and he was re-arrested while working lawfully; and (4) his detention materially interferes with his access to counsel and his pursuit of his pending immigration appeal. (Doc. 1.) Petitioner avers that he entered the United States on or about November 13, 2023, was released, and lived lawfully after his release, with no criminal history. (*Id.* at 1.) Plaintiff further avers that he was detained at an immigration checkpoint on December 2, 2025, while he was working as a commercial truck driver and transporting a lawful commercial load from California to Pennsylvania. (*Id.*)

In his Response to the Petition, Respondent maintains that "Petitioner was denied bond on March 16, 2026, due to his recent criminal history including a pending DUI charge. Exhibit C; Exhibit D. Courts have recognized the danger of drunk driving and the grave danger to the community." (Doc. 7 at 2.) The record does not support Respondent's assertion. As an initial matter, Respondent failed to attach Exhibit D cited in the Response,

and Exhibit C is an order of removal rather than an order denying bond. (Doc. 7-1 at 9-10.) And as Petitioner points out in his reply, his bond redetermination occurred on February 13, 2026, not March 16, 2026, and bond was denied due to "significant flight risk" rather than being a danger to the community. (Doc. 11 at 9-10.)

Respondent's Response addresses only the substance of Petitioner's bond redetermination hearing. But Petitioner does not only challenge the February 13, 2026 bond redetermination hearing. Rather, he challenges his now-prolonged detention and his re-detention following his prior release as violative of the Fifth Amendment. Because Respondent failed to respond to the claims raised in the Petition, the Court finds that Respondent has waived any defense to those claims. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [Petitioner] raised."); *Chengxian Chen v. Lyons*, No. 5:26-cv-04053-MBK, 2026 WL 2280792, at *2 (C.D. Cal. Aug. 4, 2026) ("Respondent's failure to meaningfully contest Petitioner's due process claims in their Answer is a concession that the Petition should be granted."); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at *2 (C.D. Cal. July 27, 2026) (stating that "the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted"); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition and ordering release after finding that by "failing to respond to the claims actually asserted, Respondents have conceded the claims").

Therefore,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody.

(2) Respondent must **immediately** release Petitioner from custody.

(3) Respondent must provide a notice of compliance within **two (2) days** of Respondent's release. Failure to file a notice of compliance may result in the imposition of sanctions.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 31st day of August, 2026.

Honorable Rosemary Márquez
United States District Judge